IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00400-BNB

JAMES D. VAN NOY aka JAMES D. VANNOY,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER

---

    Applicant, James D. Van Noy, also known as James D. Vannoy, is a prisoner in the custody of the United States Bureau of Prisons (BOP), at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. On February 12, 2014, Mr. Van Noy initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915. On February 13, 2014, Magistrate Judge Boyd N. Boland entered an order directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On March 6, 2014, Respondent filed a Preliminary Response (ECF No. 10) arguing that this action should be dismissed for failure to exhaust administrative remedies. On March 12, 2014, Mr. Van Noy submitted a Reply (ECF No. 11) contending that exhaustion was unavailable.

    The Court must construe liberally Mr. Van Noy's filings because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

In the Application, Mr. Van Noy identifies nine incident reports and claims that he was denied the opportunity to call witnesses and to present documentary evidence for each of the nine disciplinary hearing proceedings.  (ECF No. 1 at 2-3).  He also alleges that he is diagnosed with schizophrenia and that mental health competency exams were not performed in connection with the disciplinary hearings as required by 28 CRF § 541.6, and that staff representatives were not provided for the hearings.  (*Id.*).  He seeks expungement of all reports and restoration of good conduct time he lost as a result of those reports.  (*Id.*).

Respondent argues that the Application should be dismissed because Mr. Van Noy has failed to exhaust administrative remedies for the claims he presents in the Application.  (ECF No. 10 at 4-5).  According to the BOP's administrative remedy records, Mr. Van Noy has not filed any administrative remedy/appeal concerning the nine incident reports at issue.  (*Id.*).  Respondent also contends that although Mr. Van Noy filed two administrative appeals concerning the Discipline Hearing Officer ("DHO"), the appeals did not challenge the disciplinary hearing determinations and do not appear to be related to the due process claims raised in the Application.  (*Id.*).

In his Reply, Mr. Van Noy concedes his failure to exhaust but argues that the exhaustion requirement should be excused because he is mentally ill and prison officials

denied the necessary forms to file an appeal, thereby rendering the administrative remedies process unavailable.  (ECF NO. 11 at 1-3, 6-7).  Specifically, Mr. Van Noy contends that prison officials failed to provide him with copies of his DHO reports, that BOP regulations require issuance of the DHO reports, and that the regional director will reject as premature any appeal filed prior to the issuance of a DHO report.  (*Id.* at 6).  He further asserts that his requests for appeal forms were denied on the ground that he had to wait until he received his DHO reports.  (*Id.* at 7).

Before the Court considers the question of exhaustion and whether Mr. Van Noy was prevented from exhausting his claims, the Court questions the integrity of Mr. Van Noy's filings in this case.  Prior to filing his § 2241 Application, Mr. Van Noy initiated another action in this Court by submitting *pro se* a Prisoner Complaint in *Van Noy v. Berkebile, et al.,* No. 14-cv-00249-WJM-BNB (D. Colo. Filed Jan. 28, 2014).[1]  On March 18, 2014, Mr. Van Noy filed a "Motion to Terminate This Case and Apologize to Court" (ECF No. 17), which the Court construed as a Motion for Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)((A)(I) and dismissed the action without prejudice.  In the Motion, Mr. Van Noy explained that he "was coerced into this filing by Inmate Jeremy Pinson," that Mr. Pinson was "manipulating" him and other inmates into filing lawsuits, and that Mr. Van Noy copied Mr. Pinson's documents in preparing his filings.  (ECF No.

---

[1]"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

17 at 1-2, 8-23). Mr. Van Noy also attached papers (motions and declarations), which are in Mr. Pinson's handwriting.[2]

Moreover, the Court notes the similarity between the allegations in Mr. Van Noy's habeas application in the instant action and Mr. Pinson's allegations in his recent habeas applications before this Court. *See Pinson v. Berkebile,* No. 14–cv–00475–BNB (D. Colo. Filed Feb. 24, 2014) (no mental evaluation conducted in disciplinary proceeding); *Pinson v. Berkebile,* No. 14–cv–00423–BNB (D. Colo. Filed Feb. 14, 2014) (no mental evaluation conducted in disciplinary proceeding and denied opportunity to present witnesses and documentary evidence); *Pinson v. Berkebile,* No. 14–cv-00410–BNB (D. Colo. Filed Feb. 13, 2014) (same); *Pinson v. Berkebile,* No. 13-cv-03252-BNB (D. Colo. Filed Nov. 29, 2013) (no mental health evaluation conducted in disciplinary proceeding); *Pinson v. Berkebile,* No. 12-cv-02673-BNB) (same)*; see also Pinson v. Berkebile,* 528 Fed. Appx. 822, 825-27 (10th Cir. 2013).

Given the similarity of allegations in the habeas applications as well as Mr. Van Noy's recent disclosure in civil action No. 14-cv-00249-WJM-BNB that Mr. Pinson coerced him into filing the prisoner complaint and that Mr. Van Noy simply copied allegations from Mr. Pinson's documents, the Court instructs Mr. Van Noy to respond and verify that the allegations in his pending § 2241 Application are true and correct and

---

[2] In *Pinson v. Kasdon,* No. 13-cv-01384-RM-BNB (D. Colo. Filed May 28, 2013), Magistrate Judge Boland noted in his Recommendation (ECF No. 111) that Mr. Van Noy had received Mr. Pinson's handwritten documents to be copied and filed in Mr. Van Noy's *Bivens* case. (*Id.* at 32-34).

that he wants to pursue his claims in this case.

Accordingly, it is

ORDERED that Applicant, James D. Van Noy, file **within thirty days** from the date of this Order, an affidavit with the Court verifying the allegations in the Application and indicating whether Mr. Van Noy wants to pursue the claims in this case.

DATED March 26, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge