IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00400-BNB

JAMES VAN NOY, aka JAMES VANNOY,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

## ORDER

This matter is before the Court on the Motion for Injunction (ECF No. 13) and Motion for Voluntary Dismissal filed *pro se* by Applicant, James Van Noy, aka James Vannoy, on April 2, 2014.  The Court must construe the filings liberally because Mr. Van Noy is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Mr. Van Noy is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum in Florence, Colorado.  He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging nine disciplinary hearing proceedings.  On March 26, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Van Noy to respond and verify that the allegations in his § 2241 Application were true and correct and that he wanted to pursue his claims in this action.  (*See* ECF No. 12).  In the March

26 Order, Magistrate Judge Boland noted that Mr. Van Noy recently requested dismissal of *Van Noy v. Berkebile, et al.,* No. 14-cv-00249-WJM-BNB (D. Colo. Filed Jan. 28, 2014) on the basis that Mr. Van Noy had been coerced into filing the action by another inmate, Jeremy Pinson. Magistrate Judge Boland also noted the similarity in the allegations raised in Mr. Van Noy's § 2241 Application and Mr. Pinson's recent habeas applications before the Court. In response to the March 26 Order, Mr. Van Noy submitted a Motion for Injunction (ECF No. 13) and Motion for Voluntary Dismissal (ECF No. 14). Respondent filed a Response in Opposition to Petitioner's Motion for Injunction (ECF No. 15).

The Court first will address the Motion for Injunction. Mr. Van Noy asserts that his life is in danger. He alleges that Mr. Pinson and another inmate, Robert Custard, have made threats of physical violence and threats of filing frivolous litigation after Mr. Pinson became aware of Mr. Van Noy's disclosure to the Court that he wanted to dismiss 14-cv-00249-WJM-BNB because he had been coerced by Mr. Pinson into filing that lawsuit. (ECF NO. 13 at 1-2). Mr. Van Noy further alleges that prison officials have not responded to his remedy requests to relocate Mr. Pinson. (*Id.* at 2-3). He now seeks an order that (1) requires Warden Berkebile and Unit Manager Rangel to relocate Mr. Pinson and Mr. Custard to another tier or another unit; (2) prevents Mr. Pinson and Mr. Custard from submitting "any bogus or frivolous filing" concerning Mr. Van Noy; and (3) prevents "unknown attorneys" from "using this court as a malicious and retaliatory weapon" against Mr. Van Noy.[1] (*See* ECF No. 13 at 3-4).

---

[1] Mr. Van Noy mistakenly believes that "unknown attorneys" prepared Document 111 filed in the case of *Pinson v. Kasdon,* Case No. 13-cv-01384-RM-BNB. This document referred to Mr. Van Noy's

Respondents contend that the Motion for Injunction fails because it is unrelated to the underlying claims in Mr. Van Noy's original habeas application, certain issues are unexhausted, and the equitable factors weigh against issuance of the requested injunctive relief. (*See* ECF No. 15 at 1, 4-14).

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Van Noy is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important

---

filing in 14-cv-00249-WJM-BNB in which he requested voluntary dismissal of the action because Mr. Pinson had coerced Mr. Van Noy into filing the complaint. Document 111, however, is a Recommendation of an United States Magistrate Judge to impose sanctions on Mr. Pinson for abusive litigation conduct.

3

prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Van Noy "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Van Noy "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Finally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (a party seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief").

The Court finds that Mr. Van Noy fails to demonstrate, clearly and unequivocally,

that he is entitled to an injunction.  In particular, Mr. Van Noy does not establish a relationship between the claims in the original habeas application challenging his disciplinary hearings and the allegations in the motion for injunctive relief regarding threats by Mr. Pinson and Mr. Custard, failure of prison officials to respond to relocation requests, and an abuse of the judicial process.  Because Mr. Van Noy's allegations in the motion for injunction are unrelated to the claims in his habeas application, the Motion will be denied.

Next, in his Motion for Voluntary Dismissal (ECF No. 14), Mr. Van Noy states that he was coerced into filing the habeas action and wants to dismiss the action.  For the reasons stated below, the Court will construe the motion to dismiss as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Van Noy "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No answer on the merits or motion for summary judgment has been filed by Respondent in this action.  A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The Court therefore construes the Motion as a Notice of Voluntary Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of April 2, 2014, the date the Notice was filed with the Court.  *See Hyde Constr. Co.,* 388 F.2d at 507.   Accordingly, it is

ORDERED that the Motion for Injunction (ECF No. 13) is denied.  It is

FURTHER ORDERED that the instant action is dismissed without prejudice pursuant to the Notice of Voluntary Dismissal (ECF No. 14). It is

FURTHER ORDERED that the voluntary dismissal is effective as of April 2, 2014, the date the Notice was filed in this action. It is

FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Van Noy files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24

DATED at Denver, Colorado, this  1st  day of     May       , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court